# Illinois Official Reports

## Appellate Court

---

**People ex rel. Department of Labor v. Lion Construction, LLC,**
**2019 IL App (3d) 180080**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* THE DEPARTMENT OF LABOR, Plaintiff-Appellant, v. LION CONSTRUCTION, LLC, an Indiana Corporation, Defendant-Appellee. |
| District & No. | Third District No. 3-18-0080 |
| Filed | December 2, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 15-L-133; the Hon. Kenneth A. Leshen, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Richard S. Huszagh, Assistant Attorney General, of counsel), for appellant. Bruce L. Cook, of Chicago, for appellee. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Justices McDade and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1      Plaintiff, the People of the State of Illinois (State), at the request of the Department of Labor (Department), by and through the Attorney General of Illinois,[1] filed an action against defendant, Lion Construction, LLC (Lion),[2] alleging the company had violated the Prevailing Wage Act (820 ILCS 130/1 *et seq.* (West 2016)). The trial court granted defendant's motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2016)), reasoning that the State's claim was preempted by federal law—the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 *et seq.* (2012)). The State appeals. We reverse and remand.

¶ 2                                  I. BACKGROUND

¶ 3      After conducting an audit, the Department concluded that Lion had violated the Prevailing Wage Act in regard to more than 25 individuals employed by Lion as general construction laborers on six different public works projects. The Department had determined that Lion had nominally paid those employees wages equal to or greater than the prevailing base wage (before deducting approximately 33% of those wages and remitting the deducted wages to the "Union Fund"—monies forwarded to a local union (Local 944) for union initiation fees, dues, and training), but Lion had failed to pay fringe benefits (pension benefits, health and welfare benefits, and approved training).

¶ 4      At the Department's request, the State, by way of the Attorney General, filed this action, alleging that Lion violated the Prevailing Wage Act. Specifically, in an amended complaint filed in April 2017, the State alleged that, in 2012, 2013, and 2014, Lion had performed work on six public works projects in Illinois, for which Lion used more than 25 employees (mostly as general laborers); Lion was acting under a collective bargaining agreement (between the Associated Disadvantaged General Contractors and the Allied Skilled Workers Trades Union (affiliated with Local 944)); the collective bargaining agreement governed the terms and conditions under which Local 944 members worked for Lion; pursuant to the collective bargaining agreement, Lion was required to, among other things, pay those employees "wages at the Prevailing Wage per/hour Rate" and "a total compensation of the prevailing wage plus a fringe benefit package"; at all relevant times, the Prevailing Wage Act set the minimum compensation rate that was to be paid and applied to all employers engaged in public works projects in the State of Illinois (820 ILCS 130/1 (West 2016)) and applied to the wages of all "laborers, mechanics, and other workers employed in any public works *** and to anyone under contracts for public works" (820 ILCS 130/2 (West 2016)); and on each of the six public works projects referred to in the amended complaint, Lion had failed to pay for pension

---

[1]Pursuant to the Prevailing Wage Act, "[t]he Department of Labor shall inquire diligently as to any violation of this Act, shall institute actions for penalties herein prescribed, and shall enforce generally the provisions of this Act. The Attorney General shall prosecute such cases upon complaint by the Department or any interested person." 820 ILCS 130/6 (West 2016).

[2]In its amended complaint, the State alleged Lion was "an Indiana Corporation registered to do business in Illinois under the assumed name of Lion Construction 1, LLC." At oral arguments and in Lion's brief on appeal, Lion's attorney asserts that Lion is an Illinois corporation, not an Indiana corporation.

benefits, health and welfare benefits, or approved training in violation of the requirements of the Prevailing Wage Act.

¶ 5    In response, Lion moved to dismiss the State's amended complaint pursuant to section 2-619 of the Code, contending that ERISA preempted the Prevailing Wage Act claim because the monies Lion deducted from its employees' wages were remitted to the "Union Fund"—an employee welfare plan subject to ERISA. Lion argued that in such circumstances the Prevailing Wage Act is preempted by ERISA. The trial court granted Lion's motion to dismiss on the basis that ERISA preempted the Prevailing Wage Act claim. The State appealed.

¶ 6                                    II. ANALYSIS

¶ 7    On appeal, the State argues that the trial court erred in granting Lion's section 2-619 motion to dismiss because the Prevailing Wage Act's fringe benefit requirements for public works projects are not preempted by ERISA. In response on appeal, Lion argues that the Prevailing Wage Act claim does not stem from Lion's failure to pay prevailing wages but, rather, from the State's decision to discredit contributions that Lion had made for training "in lieu of payments for traditional pension and welfare benefits." Lion contends the State's attempt to enforce the Prevailing Wage Act in order to "strong arm" Lion into providing "traditional pension and welfare benefits" is preempted by ERISA. Lion contends that based on the pleadings, plaintiff's admissions, affidavits of record, undisputed facts, and the law, the trial court did not err in dismissing the State's Prevailing Wage Act claim.

¶ 8    A dismissal pursuant to section 2-619 is reviewed *de novo*. *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 396 (2009). A motion to dismiss under section 2-619(a)(9) asserts that a plaintiff's claim is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016); see also *Diocese of Dallas*, 234 Ill. 2d at 396. When reviewing an order granting a dismissal pursuant to section 2-619(a)(9), a reviewing court may consider "all facts presented in the pleadings, affidavits, and depositions found in the record." *Diocese of Dallas*, 234 Ill. 2d at 396. "The pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party." *Id.*

¶ 9    Whether a federal statute, such as ERISA, preempts a state law is a question of congressional intent. *Scholtens v. Schneider*, 173 Ill. 2d 375, 379 (1996). ERISA preemption analysis begins with the presumption that Congress did not intend to supplant state law. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 655 (1995); *Scholtens*, 173 Ill. 2d at 379-80. Our inquiry into congressional intent starts with the language of the statute. *Travelers*, 514 U.S. at 654-55; *Scholtens*, 173 Ill. 2d at 379-80.

¶ 10    Section 1144(a) of ERISA (ERISA's preemption provision) provides for preemption of "all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA. 29 U.S.C. § 1144(a) (2012). Prior to 1995, United States Supreme Court cases analyzing preemption claims under ERISA relied heavily upon the "relate to" language in the preemption provision to determine whether a state law was preempted, giving the phrase "relate to" a "broad common sense meaning." (Internal quotation marks omitted.) *Scholtens*, 173 Ill. 2d at 380-81 (quoting *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 738-39 (1985)). As recognized by this state's supreme court in *Scholtens*, in 1995 the United States Supreme Court in *Travelers* made a fundamental shift away from mere interpretation of the words of ERISA's preemption provision toward an analysis of "the objectives of the

ERISA statute." (Internal quotation marks omitted.) *Id.* at 382 (determining that we must go beyond the unhelpful text of ERISA to determine preemption because " '[i]f "relate to" were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes preemption would never run its course' " (quoting *Travelers*, 514 U.S. at 655-56)).

¶ 11    The United States Supreme Court has stated that a law "relates to" an employee benefit plan if it has "a connection with" or "reference to" such a plan. *Travelers*, 514 U.S. at 656; see also *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). A state law makes a "reference to" an employee benefit plan where it imposes requirements by reference to ERISA covered programs. *California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.*, 519 U.S. 316, 325 (1997) (a state law will be preempted as having a "reference to" an ERISA plan where the law "acts immediately and exclusively upon ERISA plans" or when "the existence of ERISA plans is essential to the law's operation"). In determining whether a state's law has a forbidden "connection with" ERISA, courts are to look to "the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Travelers*, 514 U.S. at 656. Subsequent to *Travelers*, the United States Supreme Court in *Dillingham* indicated that in analyzing whether there is a "connection with" ERISA, courts should not only look to the objectives of ERISA but also to "the nature of the effect of the state law on ERISA plans." *Dillingham*, 519 U.S. at 325.

¶ 12    As for the objectives of ERISA, Congress enacted ERISA for the express purpose of providing safeguards to protect the interests of participants in employee benefit plans. 29 U.S.C. § 1001(b) (2006). ERISA is a comprehensive statute that subjects plans providing employees with fringe benefits to federal regulation. *Scholtens*, 173 Ill. 2d at 383 (citing *Shaw*, 463 U.S. at 90). In enacting ERISA, Congress was primarily concerned with the mismanagement of funds that are accumulated to finance employee benefits and the failure to pay employee benefits from those accumulated funds. *Dillingham*, 519 U.S. at 327. ERISA, therefore, established extensive reporting, disclosure, and fiduciary duty requirements regarding the management of the benefits by the plan administrator. *Id.* ERISA imposes participation, funding, and vesting requirements on pension plans (29 U.S.C. §§ 1051 through 1085 (2012)) and sets uniform standards, including rules concerning reporting, disclosure and fiduciary responsibility for both pension and welfare benefit plans (29 U.S.C. §§ 1021 through 1031 (2012); 29 U.S.C. §§ 1101 through 1114 (2012)). *Scholtens*, 173 Ill. 2d at 383. ERISA does not require employers to provide any particular benefits to employees. *Id.*

¶ 13    As for the preemption section of ERISA, section 1144(a) (29 U.S.C. § 1144(a) (2012)) reflects Congress's intent to establish the regulation of employee benefit plans as an exclusively federal concern. *Travelers*, 514 U.S. at 657; *Scholtens*, 173 Ill. 2d at 383. The purpose of § 514(a) is to ensure the administrative practices concerning employee benefit plans are governed by a uniform body of law to minimize burdens on employers if they were otherwise required to comply with conflicting directives. *Scholtens*, 173 Ill. 2d at 383-84 (citing *Travelers*, 514 U.S. at 657). Thus, the basic purpose of the preemption provision in ERISA is to " 'avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans.' " *Id.* at 384 (quoting *Travelers*, 514 U.S. at 657).

¶ 14    As for the state law in this case, the Prevailing Wage Act provides,

> "[i]t is the policy of the State of Illinois that a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed, shall be paid to all laborers, workers and mechanics employed by or on

behalf of any and all public bodies engaged in public works." 820 ILCS 130/1 (West 2016).

The Prevailing Wage Act applies to "the wages of laborers, mechanics and other workers employed in any public works *** by any public body and to anyone under contracts for public works." 820 ILCS 130/2 (West 2016). Under the Prevailing Wage Act, the terms "general prevailing rate of hourly wages," "general prevailing rate of wages," or "prevailing rate of wages" mean

> "the hourly cash wages plus annualized fringe benefits for training and apprenticeship programs approved by the U.S. Department of Labor, Bureau of Apprenticeship and Training, health and welfare, insurance, vacations and pensions paid generally, in the locality in which the work is being performed, to employees engaged in work of a similar character on public works.

> *** Not less than the general prevailing rate of hourly wages for work of a similar character on public works in the locality in which the work is performed, and not less than the general prevailing rate of hourly wages for legal holiday and overtime work, shall be paid to all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction or demolition of public works." 820 ILCS 130/2, 3 (West 2016).

¶ 15    Here, in determining whether ERISA preempts the Prevailing Wage Act, we note that preemption is generally disfavored and start with the presumption that Congress did not intend to supplant state law. *Travelers*, 514 U.S. at 655; *Bishop v. Burgard*, 198 Ill. 2d 495, 501 (2002); *Scholtens*, 173 Ill. 2d at 379. In this case, neither party suggests the Prevailing Wage Act has a "reference to" ERISA covered plans. Additionally, after considering the objectives of Congress in enacting ERISA and the nature and effect of the Prevailing Wage Act on ERISA plans (see *Bishop*, 198 Ill. 2d at 501), we conclude that the Prevailing Wage Act does not have a "connection with" an ERISA benefit plan. Setting prevailing wages on public works projects has long been regulated by the states and is "quite remote" from the areas with which ERISA is expressly concerned. See *Dillingham*, 519 U.S. at 328-30, 334 (holding ERISA did not preempt California's prevailing wage law, which allowed the payment of lower wages to employees participating in state-approved apprenticeship programs but not to employees in apprenticeship programs lacking such approval). Therefore, the Prevailing Wage Act does not "relate to" an employee benefit plan that is covered by ERISA.

¶ 16    We note that in ruling that the Prevailing Wage Act claim was preempted by ERISA, the trial court in this case relied on the First District of the Illinois Appellate Court's decision in *Construction & General Laborers' District Council of Chicago & Vicinity v. James McHugh Construction Co.*, 230 Ill. App. 3d 939 (1992). The trial court stated, "[t]he *McHugh* court held, on facts similar to those here, that ERISA preempted the attempted application of the Illinois Prevailing Wage Act" and was "the lone Illinois appellate case having addressed ERISA preemption in the context of the [Prevailing Wage Act]." The trial court indicated that *McHugh*, therefore, controlled in this case and, "as such, Plaintiff's claim [was] preempted by ERISA and, for that reason, must be dismissed as a matter of law." We disagree that *McHugh* is controlling in this case because *McHugh* was decided in 1992 before the United States Supreme Court revised its ERISA preemption analysis in *Travelers*.

¶ 17 We, therefore, conclude that the Prevailing Wage Act is not preempted by ERISA.[3] Consequently, we reverse the trial court's order dismissing the Prevailing Wage Act claim with prejudice and remand this cause for further proceedings.

¶ 18 III. CONCLUSION

¶ 19 The judgment of the circuit court of Kankakee County is reversed, and this cause is remanded.

¶ 20 Reversed and remanded.

---

[3]Given our decision that the Prevailing Wage Act is not preempted by ERISA as a matter of law, the appellee's motion to supplement the trial court record on appeal is moot.